### JACOB A. MORENHOUT, Appellant, v. HARVEY S. BROWN, Respondent.

#### No. 3927; June 6, 1864.

**Pleading—Construction Against Pleader.**—The allegations of a complaint are to be construed most strongly against the plaintiff, since it is to be presumed that a pleader will set out the aspect of the case most favorable to himself.

**Deeds—Assumption of Mortgage—Rights Between Grantees.—** If A owns land subject in part to a mortgage and contracts to sell this land to B, reserving a number of acres indefinitely as having been contracted to be conveyed to C, and subsequently deeds are made to C and B successively, B assuming the mortgage in his, there has been here no contract between B and C so that B must save C's land from being foreclosed upon.

**Deeds—Volunteer.—By Joining in a Deed Unnecessarily,** unasked and as a volunteer only, a person creates no relations with the grantee or, a fortiori, with his assign whereby he may make the latter account to him in any way with reference to the transaction.

APPEAL from Fourth Judicial District, San Francisco County.

A widow and her son, of the name of Bernal, became, by the death of the husband and father, owners of two certain ranchos in the county of San Francisco. They sold portions from time to time and, on September 20, 1856, conveyed to one Higuera "all the land unsold" except one hundred acres, indefinitely mentioned and to which reference will be made below. The plaintiff was agent for the Bernals and for selling for them in the city of South San Francisco part of the property was to receive money commissions. The one hundred acres above mentioned were to be conveyed to him for

past services. The land was encumbered with several mortgages, among them one for eleven thousand dollars held by one Moss, the principal and interest of which was overdue on the 4th of June, 1857, when, as was averred in the complaint: "An agreement by parol was made between the plaintiff and defendant and the said Bernals, by which it was agreed that the lands conveyed to Higuera should be reconveyed to the Bernals, that they should convey to the said Brown all the unsold lands (with certain exceptions and reservations, which are the same excepted and reserved in the deed to him) ; that Brown should assume and pay off the mortgages, and the said obligation to convey or assure to the plaintiff the said one hundred acres, and pay to the said Bernals five thousand dollars." The complaint further says: "The defendant was and for a long time before had been the counsel and legal adviser of the plaintiff and the plaintiff had great confidence in his advice," etc.; but nowhere says that the defendant was acting as the plaintiff's counsel and legal adviser in this particular transaction or was managing the matter for the plaintiff in any such capacity.

The other essential facts are made by the court to appear in its decision.

B. S. Brooks for appellant; Hoge & Wilson for respondent.

SAWYER, J.—We are of the opinion that the facts stated in the complaint do not constitute a cause of action against Brown. The presumption is that the pleader will state the facts in the light most favorable to himself, and for this reason the allegations of the complaint must be construed most strongly against the plaintiff.

The allegations of the complaint represent the plaintiff as taking an active part in the transactions set out, but we must construe his acts with reference to his relations to the subject matter of the contract, and viewing them in this light, we think the facts stated do not present the plaintiff and defendant in the relation of contracting parties, as to each other. It is true the plaintiff is in form embraced in the allegations relating to the transactions between the Bernals and Brown as though he was an actor in his own right, but the facts alleged show that he had no interest in the subject matter of the sale

from the Bernals to Brown. His action was clearly only in the character of agent in the negotiations between the Bernals and Brown. His relations as party in interest were with the Bernals, who were the owners of the lands described in the complaint.

At some time—not stated—before June 4, 1857, it was agreed between the Bernals and plaintiff that he was to have for his past services as their agent, a conveyance of one hundred acres of said land "in that part called the Rincon de las Salinas." In September, 1856, the Bernals conveyed to one Higuera all the said lands then unsold except the "one hundred acres" due the said plaintiff. This hundred acres does not appear to have been located prior to June 4, 1857, otherwise than it was to be "in that part called the Rincon de las Salinas." On the 4th of June, then, the legal title to all the lands except the unlocated hundred acres due from the Bernals to plaintiff was in Higuera, and the title to the excepted one hundred acres due plaintiff was still in the Bernals. On that day Brown purchased of the Bernals the tract which had been conveyed to Higuera, with certain specified exceptions, but not the hundred acres due plaintiff.

According to the allegations of the complaint, it was agreed that Brown "should assume and pay off the mortgages and the said obligation to convey or assure to the plaintiff the said one hundred acres and pay to said Bernals five thousand dollars." Here, then, seems to be some inconsistency in the allegations, because Brown is alleged to have assumed the obligation to convey the hundred acres, which were not to be, and in fact never were, conveyed to him.

To enable the Bernals to carry out the arrangement with Brown, Higuera reconveyed to them, and the plaintiff joined in the deed. It does not embrace the hundred acres to which the plaintiff was entitled, and it is not shown that he had any interest whatever in the premises conveyed; on the contrary, the entire legal title to the lands so reconveyed appears to have been in Higuera. It does not appear that plaintiff was requested or desired by Brown to join in the deed. He was, so far as is shown by the complaint, a mere volunteer in this respect, thrusting himself into the transaction without interest or motive. In pursuance of the agreement the Bernals then conveyed to Brown with specified exceptions, among which

were two tracts, one of forty and one of sixty acres, to be conveyed to plaintiff, making his hundred acres—and at the same time, as a part of the same transaction, the Bernals conveyed these two tracts to plaintiff.

At the point of time immediately before the delivery of these conveyances to Brown and plaintiff, the legal title stood precisely as it did before the conveyance to Higuera—that is to say, in the Bernals, subject to their agreement to convey to plaintiff one hundred acres not yet located except that it was to be in "that part called the Rincon de las Salinas." The only right the plaintiff had was to have his land located and conveyed to him by his employers, the Bernals. The lands were already subject to the several mortgages set out. The plaintiff alleges "that the said mortgages did not cover the whole of the lands conveyed to the defendant, and the said plaintiff was desirous and insisted that the said one hundred acres should be reserved and conveyed to him out of the land not covered by the said mortgages, but the said defendant advised the plaintiff to take them as the same are described in the deed to plaintiff, and within the lands mortgaged to J. Mora Moss, which he pretended were the best situated lands, and representing and promising that the lands conveyed to the plaintiff should be freed from all encumbrances, before or as soon as those reserved to the said Bernals and that immediately, and promised to take the same from the plaintiff and pay him for the same at a fair price immediately, etc. That at this time the said defendant was and for a long time before had been the counsel and legal adviser of the said plaintiff, and plaintiff had great confidence in his advices, representations, promises and assurances and relying upon the said promise and representations and upon the performance of his said agreement to pay off the said mortgages plaintiff consented to take and did take the said two tracts of land in the place where the same are located in the deed to plaintiff," etc.

It will be observed that it is nowhere alleged that the plaintiff was entitled by the contract with the Bernals to have his land located on the lands not covered by the mortgage. He "was desirous and insisted" that it should be so located. He was entitled to have it "in that part called the Rincon de las Salinas," but nowhere else. It does not appear that the location was finally made outside of said portion, nor does it

appear whether "that part called Rincon de las Salinas" was free from the mortgage or not, and under the rule of construction already stated we cannot intend that it was, nor can we presume that there was any right in plaintiff to locate on any lands not covered by the mortgages, or that he had any right of selection at all. But whether he did have a right of choice or not, the fair construction of the pleadings is, that he was in fact permitted to make his choice, and acting upon the advice and suggestion of Brown, that the forty and sixty acre tracts were the best located, he selected them, notwithstanding the mortgage, and having made his selection the lands selected were conveyed to him by the Bernals, and the remainder to Brown.

Upon the state of facts as alleged, when tested by the well-established rules of construction, there is no contract shown between Brown and plaintiff; there was no consideration passing between them which could support a contract; Brown bought nothing of plaintiff; plaintiff conveyed nothing to Brown; Brown purchased of the Bernals simply what was left after plaintiff had selected the hundred acres which they had agreed to convey to him; Brown made no promise other than that he made to the Bernals as the consideration of his purchase from them. Brown got no consideration for any such promise. His liability was not diminished or increased by the selection for he was bound to the Bernals to pay the mortgage in any event, and the plaintiff parted with nothing—no fraud is charged upon Brown. His advice as to the selection and assurance that he would pay off the mortgage in accordance with his contract with the Bernals were given in good faith, so far as appears from the complaint, and was a mere representation of his intention to carry out his contract with them. If the plaintiff, satisfied with this advice and these assurances, made his selection and the land selected was ultimately swept away by the mortgage, it was his misfortune— he simply exercised his privilege of selection with a full knowledge of all the circumstances, and having made his selection took his deed from the Bernals, the only party who received any consideration from him, and the rest was deeded by the Bernals to Brown. We cannot see that there was any consideration moving from the plaintiff or from anybody else on his behalf to Brown.

It is stated that plaintiff relied on the advice, promises and assurance of Brown, and consented to take the said two tracts of land. But it is not alleged that these were the consideration of the selection. What did the plaintiff give in exchange for these tracts? He simply had a claim, without a right of selection, to an undivided or unlocated hundred acres in a larger tract consisting of that part of the Rancho called Rincon de las Salinas, which part we must intend from the allegations of the complaint, there being no averment to the contrary, was all subject to the same mortgage. He was, however, permitted to take his choice in location, and there was a motive for making the selection he did, but no legal consideration sufficient to support a contract as between him and Brown.

The appellant, on page 11 of his last brief, says: "In the present case, the defendant's promise formed the consideration of plaintff's deed to the Bernals, made at defendant's request, and the suit is to enforce that agreement." But plaintiff, as before stated, conveyed nothing to the Bernals. He joined in the deed of Higuera, but he is not shown to have had any interest whatever in the property conveyed by that instrument, and it is not averred that the plaintiff requested him to join in that deed. This act, then, constituted no valid consideration for Brown's promise. It is also said that plaintiff surrendered his right to the commission for sale under his power of attorney by this arrangement and this was a valuable consideration. The Bernals could doubtless at any time have dispensed with his agency and revoked their power of attorney, but it does not appear that he did surrender his commission. He seems to have negotiated this very sale between the Bernals and Brown, and, for aught that appears in the complaint, he received, or was entitled to receive, his commissions for the sale from his employers the Bernals. His hundred acres and commissions already earned seemed to be in danger of being swept away by the mortgages already on the land, and it was doubtless an object to him to get another party supposed to be responsible interposed between the Bernals and their creditors, as an additional safeguard to his claims against the Bernals, and this may have stimulated his efforts in negotiating the sale from the Bernals to Brown, but it does not form a consideration as between himself and

Brown. There being no contract between Brown and the plaintiff by which Brown, upon any valid consideration, agreed to discharge this encumbrance, no personal liability in favor of the plaintiff arises against Brown in consequence of the sale of plaintiff's land under the decree foreclosing the mortgage of Moss. Brown's contract, upon a fair construction of the facts alleged in the complaint, was clearly with the Bernals, and any liability that might accrue by reason of his failure to discharge their indebtedness to Moss would accrue to them only. But the plaintiff does not claim by virtue of an assignment of any cause of action from the Bernals. His theory is that a liability accrued to him directly against Brown. If the plaintiff has any remedy, it seems to us that it must be against the Bernals upon their covenants with him. His contract was with the Bernals. He rendered his services to them, the consideration moved to them, and from them he received his conveyance. Brown never owned or held the title to the lands conveyed to plaintiff. On the contract set out no personal liability legally or equitably accrued to him against Brown.

Nor did the plaintiff become subrogated to the rights of Moss, the mortgagee. Had he in consequence of his interest in the forty acres, and for the purpose of protecting that interest, paid to Moss the amount due on his mortgage, he might have become subrogated to Moss' rights, and might have compelled Moss to assign to him his security which he could have enforced against the other lands covered by the mortgage. In such a case Moss would probably be a necessary party to the suit. But he did not pay to Moss the amount due him. On the contrary, the amount remained unpaid, and Moss foreclosed his mortgage and sold the very lands covered by the mortgage to satisfy his demand. Brown made a subsequent compromise with Moss by which Moss took a part only of the lands in consideration of Brown's releasing his claim to the rest. And he and Brown mutually released to each other. But Brown could not convey to Moss any interest in the forty acres for the reason that he had none to convey. Moss acquired his interest in it, if he has any, by virtue of the sale and conveyance under the decree of foreclosure. But it does not appear that plaintiff was a party to the suit for fore-

closure. If he was not, his interest still remains unaffected by the proceedings in the foreclosure suit, and doubtless the claim is barred by the statute of limitations—if not, the judgment would seem to be satisfied by the various proceedings set out in the complaint. If he was a party to that suit and had any rights in the premises, he ought to have set them up and demanded that the decree should be so framed as to protect him by requiring that all the other portions of the mortgaged premises should be sold first, and that his forty acres should only be sold in case the proceeds should be insufficient to satisfy the amount due on the mortgage. By virtue of the proceedings set out, the debt to Moss has been satisfied, and the lien as to that portion of the mortgaged premises released by Moss to Brown has become discharged and is now extinct. There is no lien to which plaintiff could be subrogated. The case in its results substantially stands thus: The Bernals owned a tract of land subject to a mortgage to Moss. They were under obligations to convey one hundred acres to plaintiff, but whether to be conveyed subject to, or discharged from, the lien of the mortgage does not appear. They agree with Brown to convey to him the tract except the hundred acres, and Brown, in consideration thereof, agrees to pay off the encumbrances, and pay the Bernals five thousand dollars in cash. The Bernals convey the hundred acres to plaintiff by deed without covenants as we must presume, and the remainder to Brown. Brown fails to pay off the encumbrances; the mortgage is foreclosed and the premises are sold to satisfy it. By a compromise with the purchaser Brown secures a release of a part, and the part retained by the purchaser at the mortgage sale includes forty acres of the one hundred conveyed to the plaintiff. We think upon this state of facts there is no principle known to courts of law or equity independent of any valid contract between plaintiff and Brown by which plaintiff can call upon Brown personally to pay the value of the forty acres, or by which plaintiff is entitled to have the value of such land enforced as a lien upon the lands of Brown not sold under the foreclosure suit. And we have seen before that there was no contract between Brown and the plaintiff.

From the facts stated we must conclude that the plaintiff was acting in the whole matter as the agent of the Bernals.

That he was interested in securing his commissions, and his hundred acres from the Bernals, is doubtless true, and perhaps under his power of attorney set out he was entitled to commissions for negotiating this very sale. He doubtless expected by this sale to secure his demands against the Bernals. But still this only brings him into relations as a contractor with the Bernals and not with Brown.

The authority referred to by appellant's counsel upon the subject of dealings between attorney and client do not appear to us to have any application to this case.

The view we have taken of the case renders it unnecessary to consider the other questions discussed in the briefs of counsel.

The conclusion to which we have arrived is that there was no error in sustaining the demurrer. The judgment is therefore affirmed.

We concur: Shafter, J.; Rhodes, J.; Sanderson, C. J.; Currey, J.